IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Cr. <u>8:18-389-HMH</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WESLEY DALLAS AYERS | ) | **MOTION IN LIMINE** |
| | ) | |
| | ) | |

**The Government's Motion and Memorandum in Support of Motion in Limine to Preclude
Defendant from Introducing Self-Exculpatory Statements**

The United States respectfully asks the Court to preclude the Defendant from introducing or otherwise making any reference to, on either direct or cross-examination, or in argument, any self-serving, exculpatory statements made by the defendant himself.   Such evidence or argument is precluded by Federal Rules of Evidence 801, 802, 803, and 804 and relevant Fourth Circuit and Supreme Court case law.

**PROCEDURAL STATUS**

The Court ordered the defendant for a psychiatric examination, on May 15, 2018.  (ECF No. 46.)  He has not returned to the district and no written report of his evaluation has been produced to the parties.  A pretrial conference is scheduled for October 2, 2018.  (ECF No. 53.) Pursuant to the Court's Scheduling Notice, motions are due September 12, 2018.  *Id.*  Counsel for the defendant filed a motion to continue based on their inability to confer with the defendant concerning discovery, plea negotiations, or any motions in this case, which the government does not oppose.  (ECF No. 55.)

1

## **ARGUMENT**

The defendant has been charged with placing explosive and hoax devices on or at various roadways in Anderson County, South Carolina, between January 24, 2018, and February 24, 2018. (ECF No. 23.)  In statements to law enforcement, the defendant has made various statements that have been intended to directly, or by implication, deny any involvement with the unlawful activity alleged in this case.  Specifically, he has made self-serving exculpatory statements, including, but not limited to, the following kinds:

1. Denial of any involvement or knowledge of the three live explosive and three hoax devices;

2. Denial of having ever made any explosive devices of any kind;

3. Denial of having written any of the statements left with any of the live explosive or hoax devices;

4. Denial of having ever researched how to make bombs or explosive devices;

5. Denial of having ever viewed or printed certain images found with the explosive or hoax devices;

6. Accusations that others built and placed the devices in an effort to make him look like the culprit;

7. Various alibis for dates relevant to the discovery of certain live explosive and hoax devices;

8. Sentiments concerning religious leaders and doctrine;

9. Sentiments concerning terrorist organizations and their leadership; and

10.  The defendant's own beliefs about the capacity and flying range of drone devices.

The government summarizes these statements only illustratively.  This motion seeks to preclude any out-of-court statement of the defendant, previously made, which tends to exonerate him, as inadmissible during trial either in the defendant's case-in-chief, or through the examination of prosecution witnesses.

2

The Fourth Circuit has said that the admissibility of a defendant's own self-serving "exculpatory statements are contained within the hearsay rule and the exceptions thereto," specifically Federal Rules of Evidence 801, 802, 803, and 804. *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996); *see also United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008). Hearsay, of course, is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Certainly, admissions by a party-opponent are not considered hearsay and, therefore, can be admitted *against* that party. Fed. R. Evid. 801(d)(2). This rule, accordingly, permits, during direct examination, the government to introduce inculpatory statements made by the defendant. Critically, however, the Fourth Circuit has made plain that "the rules of evidence do not provide any exception for self-serving, exculpatory statements made by a party which are being sought for admission *by that same party*." *Wilkerson*, 84 F.3d at 696 (citing Fed .R. Evid. 803, 804). There is no exception for it. *See id.*

This is true, even when the defendant's self-exculpatory statements are coupled with other contemporaneous statements that are self-inculpatory. *Williamson v. United States*, 512 U.S. 594, 599 (1994) (exception to hearsay rule for statements against penal interest, does not allow admission of non-self-inculpatory statements, even if made within broader narrative that is generally self-inculpatory). Moreover, a defendant is not permitted to "back door" his own inadmissable hearsay statements by eliciting them from law enforcement officers on cross-examination. *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (district court *17 properly precluded defense counsel from eliciting, on cross-examination, defendant's post-arrest statements denying participation in robbery); *Wilkerson*, 84 F.3d at 696 (finding that the district court did not err in prohibiting defendant from "eliciting, on cross-examination of Agent [], exculpatory statements he had made explaining how he had acquired . . . bait money").

3

Finally, the Fourth Circuit has rejected that the common-law doctrine of completeness, as codified in Rule 106 of the Federal Rule of Evidence, makes admissible otherwise inadmissible self-serving exculpatory statements. *See Wilkerson*, 84 F.3d at 696; *Lentz*, 524 F.3d at 526. Neither Federal Rule of Evidence 106 or 611 authorizes a court to admit unrelated hearsay when that hearsay does not fall within one of the exceptions to the hearsay rule. *See United States v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir.1987).

Consequently, because the exculpatory statements in this case are pure hearsay and no exception applies, they should not be admitted or otherwise referenced by counsel.

## CONCLUSION

For the foregoing reasons, the Court should preclude the Defendant from introducing or otherwise making reference to, on direct or cross-examination or in any argument, direct or implied, self-serving exculpatory statements of the defendant.

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

s/ D. Josev Brewer
D. Josev Brewer (Fed. Id. 9188)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
864-282-2100

September 12, 2018

4