IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Cr. No. <u>8:18-389-HMH</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WESLEY DALLAS AYERS | ) | **MOTION IN LIMINE** |
| | ) | |
| | ) | |

**The Government's Motion and Memorandum in Support of Motion in Limine to Preclude Defendant from Introducing Evidence of Third-Party Guilt or of an Alternative Perpetrator**

The United States respectfully asks the Court to preclude the Defendant from alleging, on direct or cross-examination or in any argument, direct or implied, the guilt or responsibility of third-parties for the unlawful conduct alleged in this case. Such evidence or argument is precluded by Federal Rules of Evidence 401, 402, 403 and relevant Fourth Circuit and Supreme Court case law.

**PROCEDURAL STATUS**

The defendant was sent for a psychiatric examination on May 15, 2018. (ECF No. 46.) He has not returned to the district and no written report of his evaluation has been produced to the parties. A pretrial conference is scheduled for October 2, 2018. (ECF No. 53.) Pursuant to the Court's Scheduling Notice, motions are due September 12, 2018. *Id*. Counsel for the defendant filed a motion to continue based on their inability to confer with the defendant concerning

1

discovery, plea negotiations, or any motions in this case, which the government does not oppose. (ECF No. 55.)

## ARGUMENT

In interviews with law enforcement, the defendant has denied all involvement with the explosive devices at issue in this case and with bomb-making of any kind. Instead, he has insisted that other individuals built, and then placed, all such explosive devices and, further, manipulated relevant evidence on his own property but without his knowledge, in such a way as to wrongly implicate him. At the same time, however, the defendant has not offered or produced any evidence – circumstantial or direct, physical or eyewitness – in any sort of corroboration of such accusations. Under the circumstances, therefore, this kind of "third-party guilt" or "alternative perpetrator" evidence is impermissible because his bald allegations are insufficient to justify their admissibility.

Certainly, "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)); *see also United States v. Lighty*, 616 F.3d 321, 358 (4th Cir. 2010). This right includes, "at a minimum, . . . the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). The Fourth Circuit has cautioned, however, that although a defendant has a constitutional right to present evidence in his favor, *United States v. Moussaoui*, 382 F.3d 453, 471 (4th Cir.2004), "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial," *United States v. Prince–Oyibo*, 320 F.3d 494, 501 (4th Cir.2003). *See also Crane*, 476 U.S. at 689–90, (noting that the "Constitution leaves to the judges who must make these decisions wide latitude to exclude evidence that is repetitive . . ., only marginally relevant or poses an undue risk of

harassment, prejudice, [or] confusion of the issues") (citation and internal quotation marks omitted).

As is well understood, Federal Rule of Evidence 401 defines relevant evidence as evidence that "has a tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Federal Rule of Evidence 403, courts may "exclud[e] [even] relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury. . . ." Fed. R. Evid. 403.

Accordingly, the United States Supreme Court has noted that third-party guilt evidence may be excluded "where it does not sufficiently connect the other person to the crime . . . [such as where it is] speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial." *Holmes*, 547 U.S. at 327 (quotation marks and citation omitted) (holding that categorical State rule of evidence excluding third-party guilt evidence where prosecution's evidence was strong deprived defendant of due process); *United States v. Alayeto*, 628 F.3d 917, 922 (7th Cir. 2010) ("As the Supreme Court reiterated in *Holmes*, judges may exclude marginally relevant evidence posing an undue risk of confusion of the issues without offending a defendant's constitutional rights."). "Accordingly, courts may properly deny admission of alternative perpetrator evidence that fails to establish, either on its own or in combination with other evidence in the record, a non-speculative 'nexus' between the crime charged and the alleged perpetrator." *United States v. Jordan*, 485 F.3d 1214, 1219 (10th Cir. 2007).

The Fourth Circuit has instructed that, in the course of weighing as between "probative value and adverse dangers," courts must be sensitive to the special problems presented by "alternative perpetrator" evidence. *Lighty*, 616 F.3d 321, 358-59. It reasoned:

> Although there is no doubt that a defendant has a right to attempt to establish his innocence by showing that someone else did the crime, a defendant still must show that his proffered evidence on the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus

3

between the crime charged and the asserted "alternative perpetrator." *Id.  It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice*.

*Id*. (emphasis added).

The present case is prototypical.  The defendant has only his self-declared aspersions; there is no evidence of any actual "nexus" between the individuals that he might identify in this case and the explosive devices, from which he would like to distance himself.  His blame-shifting is especially specious insofar as he has alleged that such third-party perpetrators were actually on his own property where he himself, presumably, would have had the greatest ability to corroborate their activity.  Yet, he cannot.  And, the defendant has not, by any other evidence, established the required legal nexus to justify admission of his naked accusations.

## CONCLUSION

For the foregoing reasons, the Court should preclude the Defendant from alleging, on direct or cross-examination or in any argument, direct or implied, the guilt or responsibility of third-parties for the unlawful conduct at issue in this case.

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

s/ D. Josev Brewer
D. Josev Brewer (Fed. Id. 9188)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
864-282-2100

September 12, 2018

4