IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Cr. No. <u>8:18-389-HMH</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WESLEY DALLAS AYERS | ) | **MOTION IN LIMINE** |
| | ) | |
| | ) | |

**The Government's Motion and Memorandum in Support of Motion in Limine to Preclude Defendant from Introducing Evidence of Witnesses' Criminal History**

The United States respectfully asks the Court to preclude the Defendant from cross-examining with respect to, or otherwise introducing evidence or argument regarding, any criminal convictions or charges pending against certain witnesses of the prosecution or any non-convictions.   Such evidence or argument is precluded by Fed. R. Evid. 609.  Additionally, such evidence and arguments would mislead or confuse the jury.  *See* Fed. R. Evid. 401, 402, 403.

**<u>PROCEDURAL STATUS</u>**

The Court ordered the defendant for a psychiatric examination, on May 15, 2018.  (ECF No. 46.)  He has not returned to the district and no written report of his evaluation has been produced to the parties.  A pretrial conference is scheduled for October 2, 2018.  (ECF No. 53.) Pursuant to the Court's Scheduling Notice, motions are due September 12, 2018.  *Id*.  Counsel for the defendant filed a motion to continue based on their inability to confer with the defendant concerning discovery, plea negotiations, or any motions in this case, which the government does not oppose.  (ECF No. 55.)

1

## **ARGUMENT**

The defendant has been charged with placing explosive and hoax devices on or at various roadways in Anderson County, South Carolina, between January 24, 2018, and February 24, 2018. (ECF No. 23.)   The government may call, in its case-in-chief, non-party witnesses, Dustin Chitwood and Todd Tabor.  Both individuals have personal knowledge of the defendant's bomb-making activity.

Chitwood and Tabor have various misdemeanor and felony convictions.  The government, hereby, moves to exclude some or all of those convictions pursuant to Federal Rule of Evidence 609.

Impeachment by evidence of a criminal conviction is governed by Federal Rule of Evidence 609, which states in relevant part as follows:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant[.]

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609.

As Rule 609 requires, the government will establish, at any hearing on this motion, that, whatever probative value there may be to evidence of such prior felony convictions, it is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

2

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. A trial court has "broad discretion" to weigh the balance between prejudice and probative value under Rule 403. *See United States v. MacDonald*, 688 F.2d 224, 227-28 (4th Cir. 1982). Additionally, the government will demonstrate that some or all of the misdemeanor convictions of Chitwood and Tabor were not for crimes that require proof of a dishonest act or false statement. *See* Fed. R. Evid. 609(a)(1)(2).

Evidence of non-convictions or pending charges is also not admissible. Courts of the Fourth Circuit have concluded that, as a general rule, only convictions of a felony, or a crime involving moral turpitude, are admissible to impeach the credibility of a witness. *See United States v. Atkinson*, 429 F. Supp. 880, 883–84 (E.D.N.C. 1977) (citing Fed. R. Evid. 609). "On the contrary, convictions of misdemeanors not involving moral turpitude, and evidence of prior arrests, **charges**, or indictments have no bearing on truth or veracity, and therefore are not admissible." *Id*. (emphasis added) (citing *United States v. Pennix*, 313 F.2d 524, 531 (4th Cir. 1963) ("A witness may not be asked if he has been accused or arrested for a crime, for the sufficient reason that it calls for hearsay evidence, and because accusation carries no implication of guilt." (citations omitted))).

## **CONCLUSION**

For the foregoing reasons, the Court should preclude the Defendant from introducing evidence (or making argument) regarding any prior convictions, non-convictions, or pending charges against these putative witnesses. The government would request leave to supplement this motion with some additional fact and argument, as necessary.

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

s/ D. Josev Brewer
D. Josev Brewer (Fed. Id. 9188)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
864-282-2100

September 12, 2018

4
