IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 8:18-389-HMH |
| | ) | |
| v. | ) | |
| | ) | **GOVERNMENT'S NOTICE** |
| | ) | **OF INTENT TO USE** |
| | ) | **CERTAIN  EVIDENCE** |
| **WESLEY DALLAS AYERS,** | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its undersigned counsel, would notify the

defense of its intention to offer certain evidence.[1]  The United States hereby gives notice to the

defendant of its intent to use the following as direct evidence of guilt, as evidence extrinsic to the

crimes charged and/or pursuant to Fed. R. Evid. 404(b), or as evidence admissible pursuant to any

other accepted legal theory during the trial:

(a) Evidence as disseminated through discovery relating to all of the charges in the

    Indictment;

(b) Evidence of the use and construction of explosive devices and the use of drones in

    conjunction with the same, from whatever time period; [2]

---

[1] This notice is designed to be general in nature. If defense counsel has questions about the Government's intentions with respect to specific evidence, counsel may contact the undersigned.

[2] *See United States v. Komolafe,* 503 F. App'x 235, 236 (4th Cir. 2013) (holding that district court did not err in determining that the evidence of crimes prior to the dates in the indictment provided context and background for the offense and was intrinsic to the charged conspiracy); *United States v. Chin,* 83 F.3d 83, 87 (4th Cir. 1996); *United States v. Kennedy,* 32 F.3d 876 (4th Cir.1994) (holding that Fed. R. Evid. 404(b) does not restrict evidence of crimes that arose out of the same series of transactions as the charged offense or that are necessary to complete the story of the charged crime).

1

(c) Evidence of social media activity and communications; and

(d) Evidence of animal cruelty and other violence; and

The United States argues that most, if not all of the evidence summarized above is intrinsic to the crime and, therefore, not subject to the limitations of Fed. R. Evid 404(b). In a published case, the Fourth Circuit examined the relationship between these two doctrines and summarized its jurisprudence with respect to the two and Fed. R. Evid. 403 as follows:

> "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).Such evidence, however, may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Furthermore, "to be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." *United States v. Siegel,* 536 F.3d 306, 317 (4th Cir.2008), *cert. denied,* --- U.S. ----, 129 S.Ct. 770, 172 L.Ed.2d 760 (2008) (internal quotation marks omitted). Rule 404(b) is "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Young,* 248 F.3d 260, 271-72 (4th Cir.2001) (internal quotation marks omitted). And, "[a]s a rule of inclusion, the rule's list is not exhaustive." *United States v. Queen,* 132 F.3d 991, 994- 95 (4th Cir.1997). The Rule 404(b) inquiry, however, applies only to evidence of other acts that are "extrinsic to the one charged." *United States v. Chin,* 83 F.3d 83, 87 (4th Cir. 1996). "[A]cts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *Id.* at 87-88. "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'" *Siegel,* 536 F.3d at 316 (quoting *United States v. Kennedy,* 32 F.3d 876, 885 (4th Cir.1994)). *See also Chin,* 83 F.3d at 88 (noting "[o]ther criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged" (internal quotation marks omitted)). Evidence is intrinsic if it is necessary to "provide context relevant to the criminal charges." *United States v. Cooper,* 482 F.3d 658, 663 (4th Cir.2007).

Rule 403 provides a more limited bar to otherwise admissible evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. "Evidence sought to be admitted under Rule 404(b) must also satisfy Rule 403's requirement." *Siegel,* 536

2

F.3d at 319. Under this rule, "damage to a defendant's case is not a basis for excluding probative evidence," because "[e]vidence that is highly probative invariably will be prejudicial to the defense." *United States v. Grimmond,* 137 F.3d 823, 833 (4th Cir.1998); *see also* 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 404.21(3)(b) (Joseph M. McLaughlin, ed., 2d. Ed.2002) (noting "[u]nfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence"). Rule 403 "only requires suppression of evidence that results in unfair prejudice-prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice *substantially* outweighs the probative value of the evidence." *United States v. Mohr,* 318 F.3d 613, 619-20 (4th Cir.2003) (internal quotation marks omitted). Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States,* 519 U.S. 172, 180, 117 S. Ct. 644, 136 L.Ed.2d 574 (1997).

*United States v. Basham*, 561 F. 3d. 302, 326-27 (4th Cir. 2009).

In making its arguments, the United States intends to rely on *Basham* and other relevant authority in support.

The United States reserves the right to amend this notice.

<div style="margin-left: 40%;">

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

By:    s/ D. Josev Brewer
       D. Josev Brewer (Fed. Id. 9188)
       Assistant United States Attorney
       55 Beattie Place, Suite 700
       Greenville, South Carolina 29601
       864-282-2100

</div>

October 5, 2018.