IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE # 8:18-CR-00389-HMH |
| | ) | |
| v. | ) | DEFENDANT' S MEMORANDUM |
| | ) | IN SUPPORT OF MOTION TO SUPPRESS |
| WESLEY DALLAS AYERS | ) | WARRANTLESS SEIZURE AND STATEMENT |

Now comes the Defendant Wesley Dallas Ayers, by and through his undersigned counsel, who submits the following to the United States Attorney and this Court in support of his Motion to Suppress. Mr. Ayers respectfully requests this Court to grant his Motion to Suppress because the search warrant was not supported by probable cause as required by the Fourth Amendment.

LEGAL STANDARD

"Search warrants must be supported by probable cause to satisfy the dictates of the Fourth Amendment." United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996) (citing United States v. Harris, 403 U.S. 573, 577, 91 S.Ct. 2075, 2079, 29 L.Ed.2d 723 (1971)); *see also* U.S. Const. am. 4; S.C. Const. Art. I, § 10; S.C. Code Ann. § 17-13-140. "It is established law … that a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." Franks v. Delaware, 438 U.S. 154, 165, 98 S. Ct. 2674, 2681, 57 L. Ed. 2d 667 (1978). "We are not dealing with formalities." Groh v. Ramirez, 540 U.S. 551, 558-59, 124 S. Ct. 1284, 1290, 157 L. Ed. 2d 1068 (2004) (quoting McDonald v. United States, 334 U.S. 451, 455, 69 S.Ct. 193, 93 L.Ed. 153 (1948)). "[T]he right of a man to retreat into his own home and there be free from unreasonable governmental intrusion stands at the very core of the Fourth Amendment." Id.

1

(internal citations and quotations omitted); *see also* U.S. Const. amend. 4.

<u>LEGAL DISCUSSION</u>

I.   **<u>The Statements by the Confidential Informants Are Insufficient to Establish</u>**
     **<u>Probable Cause.</u>**

In the instant case, the affidavit supporting the search warrants included the statements of two confidential informants identifying Mr. Ayers as a "likely" suspect in the bombings. Neither of the confidential informants' statements were supported with evidence that established their credibility or reliability.

A.   <u>There is no evidence Confidential Informant #1's statements are reliable or credible.</u>

The first confidential informant identified in the Affidavit, hereinafter referred to as Confidential Informant #1, admitted to being a methamphetamine user and a drug addict. (*See* Application, p. 7 [AYERS007935]). He had a long history of felony convictions for burglary, stolen property, and other property crimes. There is no evidence in the affidavit establishing that the confidential informant was a credible or reliable source.

Moreover, there is no evidence that Confidential Informant #1's observations of Mr. Ayers were recent or took place during the relevant time. To the contrary, the only evidence in the affidavit is that the last contact Confidential Informant #1 had with Mr. Ayers was in March 2017 – almost a year before the relevant time period.[1]

"It is the uniform rule that some mention of time must be included in the affidavit used for a search warrant." <u>Collins v. State</u>, 658 S.W.2d 877, 879 (Ark. 1983). This is because "[p]robable cause must exist when a warrant is issued, not merely at some earlier time." <u>United States v. LaMorie</u>, 100 F.3d 547, 554 (8th Cir. 1996); *see also* <u>Collins</u>, 658 S.W.2d at 879 ("Time is crucial

---

[1] The first incident occurred on January 24, 2018.

2

because a magistrate must know that criminal activity or contraband exists where the search is to be conducted at the time of the issuance of the warrant, not that it may have been there weeks or months before. Otherwise, officials could use such information like blank checks to conduct searches at will, contrary to the purpose for which, and certainly not in the way, searches are permitted by our constitution"). "And while legal technicalities cannot obstruct the right of the State to maintain order and bring about justice, neither can form be abandoned at the whim of law enforcement officials." Id. "Time is also important because we all have the unfettered right to know when we are accused of doing an illegal act." Id. "That is not an unreasonable nor technical demand of the law. Before a search is ordered it must be shown or be easily discernible when the contraband was seen or the illegal activity occurred." Id.

Confidential Informant #1 indicated that his relationship with Mr. Ayers arose from the fact that he previously lived with an acquaintance or relative[2] of the Defendant from January to March 2017. This time period is almost a year prior to the alleged conduct the Government seeks to attribute to Mr. Ayers. There is no indication anywhere in the affidavit of when Confidential Informant #1's alleged observations of Mr. Ayers occurred or their last interaction. Any observations that took place over one year prior to the application for the search warrant are too stale to establish probable cause.

Because the Affidavit fails to establish that Confidential Informant #1 is credible or reliable and because there is no evidence of when his observations occurred or that they were within a reasonable time, the statements fail to establish probable cause. Therefore, Mr. Ayers respectfully requests that his Motion be granted and all evidence seized during the unlawful search be

---

2  The identity of the person Confidential Informant #1 lived with has been redacted.

suppressed.

B.  There is no evidence Confidential Informant #2's statements are reliable or credible

The second confidential informant, hereinafter referred to as Confidential Informant #2, also had a history of drug abuse and criminal activity. He admitted to Xanax and marijuana usage; however, law enforcement admitted there was evidence he was also a methamphetamine user. At the time of questioning, Confidential Informant #2 was on probation for a 2nd Degree Burglary conviction but was in jail for a probation violation for Failure to Stop for a Blue Light.

Like Confidential Informant #1, there is no evidence in the affidavit to establish that Confidential Informant #2 was credible or reliable. The fact that Confidential Informant #2 stated that Mr. Ayers was a Muslim, drove a black car with red paint and owned a bat with barbed wire does not establish the reliability or credibility of the informant.

Moreover, Confidential Informant #2's testimony was tainted as he admitted he wanted to speak to the FBI in hopes it might help with his probation violation. Therefore, the statements by Confidential Informant #2 do not establish probable cause.

II.     **The Observations by the Investigator Who Previously Questioned Mr. Ayers Are Not Relevant or Evidence of Criminal Activity and Therefore Do Not Establish Probable Cause.**

Finally, the observations by law enforcement during the questioning of Mr. Ayers are not evidence of relevant criminal activity and fail to establish probable cause necessary to support the search warrant.   The affidavit states that during Mr. Ayers' interview, FBI agents observed that Mr. Ayers had tattoos on his arms of a teddy bear with red eyes and a cartoon "ball and fuse" bomb and wore a necklace with Arabic script. Additionally, the agents noticed that Mr. Ayers drove a black car that had a bat with barbed wire similar to one Confidential Informant #2 identified and that his social media contained images of macabre and scary clowns.

4

The tattoos, necklace with Arabic script, and social media images, while disturbing to some are all within Mr. Ayers First Amendment rights and do not constitute evidence that he was engaging in criminal activity. Moreover, the bat with barbed wire is not evidence that he engaged in criminal activity. There are no allegations that a bat with barbed wire was involved in any of the incidents.

Finally, the allegation that Mr. Ayers drove a black car by the site of Incident #4 and that his phone was potentially nearby, is not evidence of criminal activity and does not rise to the threshold of probable cause required to support the search warrant.

<u>CONCLUSION</u>

In conclusion, the search warrant issued in this case was not supported by probable cause, therefore, the Defendant respectfully requests that this Court hold an evidentiary hearing to address these issues and grant his Motion to Suppress.

Respectfully submitted,

RYAN L. BEASLEY, ATTORNEY AT LAW P.A.
Attorney for the Defendant

BY:   *s/Ryan L. Beasley*
Ryan L. Beasley, Federal Bar No. #9162
416 E. North Street
Greenville, South Carolina 29601
(864) 679-7777
rlb@ryanbeasleylaw.com

Greenville, South Carolina
October 16, 2018